**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 06 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

Z. R., by and through his Guardian Ad
Litem Dolores Ross; et al.,

        Plaintiffs - Appellants,

  v.

OAK PARK UNIFIED SCHOOL
DISTRICT,

        Defendant - Appellee.

No. 13-56660

D.C. No. 2:12-cv-05899-GAF-
JCG

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Gary A. Feess, District Judge, Presiding

Argued and Submitted October 23, 2015
Pasadena, California

Before: KOZINSKI, IKUTA, and OWENS, Circuit Judges.

Z.R. appeals the district court's entry of summary judgment in favor of Oak

Park Unified School District. The district court upheld the decision of the Office

of Administrative Hearings (OAH) that the District's individualized education

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

program (IEP) offered Z.R. a Free Appropriate Public Education (FAPE) in the least restrictive environment under the Individuals with Disabilities in Education Act (IDEA). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the question whether an IEP provided a FAPE. *Amanda J. ex rel. Annette J. v. Clark Cty. Sch. Dist.*, 267 F.3d 877, 887 (9th Cir. 2001). Because the OAH's decision was "thorough and careful," we give it substantial deference. *Capistrano Unified Sch. Dist. v. Wartenberg*, 59 F.3d 884, 891 (9th Cir. 1995).

The district court did not err in holding that the District satisfied the procedural requirements of the IDEA by ensuring that Z.R.'s IEP team included all required members. 34 C.F.R. § 300.321(a). Jerry Block was a regular education teacher "who is, or may be, responsible for implementing a portion of the IEP." Assistance to States for the Education of Children with Disabilities, 64 Fed. Reg. 12,406, 12,477 (Mar. 12, 1999). Therefore, his presence satisfied the requirement that the IEP team must include "not less than 1 regular education teacher of such child." 20 U.S.C. § 1414(d)(1)(B); *see R.B., ex rel F.B. v. Napa Valley Unified Sch. Dist.*, 496 F.3d 932, 938–39 (9th Cir. 2007). Even if the district court did err, any error was harmless because it did not deprive Z.R. of an educational opportunity or infringe his parents' participatory rights. *See L.M. v. Capistrano Unified Sch. Dist.*, 556 F.3d 900, 909–10 (9th Cir. 2008).

2

The district court did not err in holding that the contents of goals one, two, and four in the IEP adequately addressed Z.R.'s demonstrated need for improved reciprocal communication. *See G.D. ex rel. Dien Do v. Torrance Unified Sch. Dist.*, 857 F. Supp. 2d 953, 968 (C.D. Cal. 2012). Nor did the district court err in holding that the support services listed in the IEP, including individual counseling and a social skills group, were sufficient to constitute a FAPE. Because Oak Park High School (OPHS) administrators credibly testified that OPHS had the resources necessary to create and run the program, Z.R.'s argument that the District would have failed to implement the program is both premature and unsupported by the record. *See JG v. Douglas Cty. Sch. Dist.*, 552 F.3d 786, 802 (9th Cir. 2008); *Adams v. Oregon*, 195 F.3d 1141, 1149 (9th Cir. 1999).

Finally, the district court did not err in holding that placement at OPHS in a general education setting was appropriate. OAH and the district court reasonably concluded that OPHS had sufficient support services to allow Z.R. to be placed in a general education setting, thus satisfying the IDEA's statutory preference for mainstreaming. *See Poolaw v. Bishop*, 67 F.3d 830, 836 (9th Cir. 1995).

**AFFIRMED**.